UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VINCENT R. POLISI, II,

    Plaintiff,

v.                                          Case No. 8:25-cv-01814-SDM-AEP

SHERIFF GRADY JUDD, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    This cause comes before the Court upon Plaintiff Vincent Polisi's Amended Complaint (Doc. 3), Motion to Proceed *In Forma Pauperis* (Doc. 8), and Request for Appointment of Special Master and Outside Investigator (Doc. 11). Plaintiff, proceeding *pro se*, initiated this action against multiple defendants, including Grady Judd, Brian Haas, Ariel Jiminez, Steven Cesar, John B. Flynn, Stacie Kaylor, Victoria Avalon, Ron DeSantis, James Uthmeier, Courtney Durden, Laura Shaffer, Polk County, Florida, the Polk County Sheriff's Office, the Office of the State Attorney for the 10th Judicial Circuit, and James Patterson (Doc. 3, at 21–32). Plaintiff alleges the Defendants engaged in a coordinated effort to violate his constitutional rights in relation to a state criminal proceeding. For the reasons detailed below, it is recommended that Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 8) and Request for Appointment of Special Master and Outside

Investigator (Doc. 11) be DENIED and Plaintiff's Amended Complaint (Doc. 3) be DISMISSED.

As a preliminary matter, Plaintiff meets the indigency requirement to proceed *in forma pauperis*. Plaintiff's Amended Complaint, however, suffers from several deficiencies. The undersigned notes that Plaintiff's claims in this case appear to be expansions of his claims in another case filed in the Middle District of Florida earlier this year, *Polisi v. Flynn et al.*, Case No. 8:25-cv-01290-TPB-AAS. In that case, the Court noted Judge Flynn is immune from suit and held the Court should refrain from interfering in Plaintiff's state criminal proceeding under the *Younger* abstention doctrine. *See* Order Dismissing Case, *Polisi v. Flynn et al.*, No. 8:25-cv-01290-TPB-AAS (May 27, 2025), ECF No. 9. Nothing Plaintiff alleges in this case supports a different result than the Court's dismissal in *Polisi v. Flynn et al.* Although Plaintiff alleges additional facts in the months since he filed the previous suit and adds additional parties, he still brings claims barred by judicial immunity and subject to *Younger* abstention.

First, judicial immunity bars Plaintiff's claims against Judges Flynn, Kaylor, and Shaffer. A judge in their individual capacity is absolutely immune from § 1983 liability for damages for an act taken in their judicial role if they did not act in the clear absence of all jurisdiction. *Pierson v. Ray*, 386 U.S. 547, 553–55 (1967). "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). The immunity applies even if the judge's acts are erroneous, malicious, or exceed their

2

jurisdiction. *Id.* at 356–57. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Id.* at 356. Here, all judicial conduct Plaintiff alleges occurred in each judge's capacity presiding over Plaintiff's cases, and Plaintiff does not allege they were operating in the absence of all jurisdiction. Thus, Plaintiff's claims against the judicial defendants are barred by judicial immunity.

Second, Plaintiff essentially asks the Court to intervene in ongoing state court proceedings by declaring that state actors have violated his constitutional rights. "In the main, federal courts are obliged to decide cases within the scope of federal jurisdiction." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). But under the *Younger* abstention doctrine, a federal court may not interfere with or enjoin (1) a criminal prosecution; (2) a civil proceeding akin to a criminal prosecution; or (3) a civil proceeding involving orders "uniquely in furtherance of the state [court's] ability to perform [its] judicial function." *Id.* at 72–73. If one of those three exceptional circumstances is present, a federal court must consider (1) whether there is an ongoing state judicial proceeding that (2) implicates important state interests and (3) provides an adequate opportunity to raise federal challenges. See *id.* at 75–76.

Here, the three factors all weigh in favor of absention. First, Plaintiff acknowledges that his criminal proceeding is ongoing (*see, e.g.*, Doc. 11, at 3). Second, prosecuting criminal offenses implicates important state interests. *Boyd v. Georgia*, 512 F. App'x 915, 918 (11th Cir. 2013). On the third factor (whether the

3

state proceeding provides an adequate opportunity to raise federal challenges), "a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Bush*, 329 F.3d at 1279 (quoted authority omitted). Plaintiff provides no clear authority to indicate that he does not have an adequate opportunity to remedy the constitutional violations at the state level.

Generally, a *pro se* plaintiff must be given an opportunity to amend their complaint before the district court dismisses it. *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003). The court, however, need not allow an amendment where such an amendment would be futile. *Cornelius v. Bank of Am., N.A.*, 585 F. App'x 996, 1000 (11th Cir. 2014) (per curiam) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam)). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Id.*; *see also Howard v. Memnon*, 572 F. App'x 692, 696–97 (11th Cir. 2014) (district court did not abuse discretion in dismissing frivolous claims where no facts supported constitutional violation, and amendment would be futile because record reflected claims were clearly without merit and there was no indication a more carefully drafted pleading might state a claim). Here, an attempt to amend would be futile because the judicial immunity and abstention issues are not amenable to cure on amendment. However, the undersigned notes that a dismissal under the *Younger* abstention doctrine is without prejudice. *Smith v. Mercer*, 266 F. App'x 906, 908 (11th Cir. 2008).

4

Accordingly, it is hereby

RECOMMENDED:

1. Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 8) be DENIED.

2. Plaintiff's Amended Complaint (Doc. 3) be DISMISSED.

3. Plaintiff's Request for Appointment of Special Master and Outside Investigator (Doc. 11) be DENIED AS MOOT.

IT IS SO REPORTED in Tampa, Florida, this 3rd day of October 2025.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc:   Hon. Steven D. Merryday
      Plaintiff, *pro se*